**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MICHELLE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. §227<br>2. West Virginia Consumer Credit and Protection Act, W. Va. Code §46A<br>3. Invasion of Privacy- Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michelle Smith ("Michelle"), by and through her attorneys, alleges the following against Defendant JPMorgan Chase Bank ("Chase").

## INTRODUCTION

1. Count I of Michelle's Complaint against Chase is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Michelle's Complaint against Chase is based upon the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code §46A. The WVCCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any claim."

3. Count III of Michelle's Complaint against Chase is based upon the tort of Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## PARTIES

4. Michelle is a natural person residing in Wetzel County, West Virginia.

5. Michelle is a "consumer" as defined by W. Va. Code §46A-2-122(a).

6. Chase is a National Association and its principal place of business is located at 1111 Polaris Parkway, Columbus, OH 43240.

7. Chase is a "debt collector" as defined by W. Va. Code §46A-2-122(d).

8. Chase is the successor by merger or acquisition of Chase Bank USA, N.A.

9. Chase acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

10. Jurisdiction of this court arises under 47 U.S.C. §227, 28 U.S.C. §§1331, 1332, 1367.

11. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Michelle is a citizen of West Virginia, and Chase is a citizen of Ohio.

12. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) as Chase resides in this

District.

13. Chase is "at home" in Ohio; therefore, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

14. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for personal, family or household purposes.

15. In or around February 2019, Chase began calling Michelle on her cellular telephone from the following phone numbers: (210) 520-6400, (847) 426-8085, (847) 426-9138, (402) 220-4822, and (407) 771-3476.

16. Upon information and belief, these phone numbers are owned, operated or controlled by Chase and/or its agent(s).

17. On or about March 1, 2019, Michelle answered a call from Chase and spoke with a representative.

18. After picking up the call, Michelle heard a series of beeps, clicks or tones, and an unusually long delay before Chase's representative began speaking, consistent with the use of an automatic dialing system.

19. In the same call, the Chase representative indicated that Chase was attempting to collect a debt from Michelle.

20. Michelle informed the representative that she was going through a financial hardship caused by a recent surgery she had undergone, combined with her husband being laid off, and therefore could not make a payment at the time.

21. Michelle then instructed Chase's representative to stop calling her and instead to communicate with her by mail only.

22. Despite Michelle expressly instructing Chase to not call her and informing Chase that she could not pay at the time, Chase began a harassment campaign by calling Michelle on her cellular phone relentlessly for over five months, including on the weekends.

23. Between March 5, 2019 and August 28, 2019, Chase called Michelle's cellular telephone no less than **ONE HUNDRED AND TWENTY-FIVE (125) times** after Michelle revoked consent to be called.

24. Chase called Michelle almost every other day, including the weekends.

25. Chase called Michelle multiple times in a single day. For example, Chase called Michelle five (5) times on March 1, 2019.

26. Upon information and belief, Chase called and texted, or attempted to call and text, friends and family of Michelle with the intention that they would communicate to Michelle that Chase was attempting to collect a debt from her, causing Michelle additional embarrassment and distress.

27. Upon information and belief, Chase called Michelle and delivered prerecorded or artificial voice messages.

28. Upon information and belief, Chase's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

29. On July 24, 2019, in response to varying district court opinions the US House of Representatives passed H.R. 3375 by a vote of 429-3. The House intended to clear up

any ambiguity with the TCPA and made it clear that the TCPA covers systems that call consumers from a stored list. H.R. 3375 further clarified that a consumer may revoke consent, even consent given in a contract.

30. Chase is familiar with the TCPA and WVCCPA.

31. Chase's conduct was not only done willfully but was done with the intention of causing Michelle such distress, so as to induce her to pay the debt.

32. Each and every one of Chase's telephone calls caused Michelle distraction and temporary loss of use of her telephone line.

33. Chase intrusion upon Michelle's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Chase's conduct was especially egregious because Chase called relentlessly shortly after Michelle had explained that she did not have money to repay Chase due to circumstances outside of her control, and expressly revoked consent to be called. Further, the annoying and oppressive calls were placed when Chase had actual knowledge that Michelle was recovering from surgery and dealing with the stress of her husband being laid off.

34. As a result of Chase's conduct, Michelle has sustained actual damages including but not limited to, stress, anxiety, embarrassment, severe emotional and mental pain and anguish.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

35. Michelle incorporates by reference the foregoing paragraphs as fully stated herein.

36. Chase violated the TCPA. Chase's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Chase violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b. Within four years prior to the filing of this action, on multiple occasions, Chase violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."

37. As a result of Chase's violations of 47 U.S.C. §227, Michelle is entitled to declaratory judgment that Chase's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that Chase knowingly and/or willfully violated the TCPA, Michelle is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## COUNT II

### Violations of the WVCCPA, W. Va. Code §46A.

38. Michelle incorporates by reference the foregoing paragraphs as fully stated herein.

39. Chase violated the WVCCPA. Chase's violations include, but are not limited to:

   a. Chase violated W. Va. Code §46A-2-128 by using "unfair or unconscionable means to collect or attempt to collect any claim."

   b. Chase violated W. Va. Code §46A-2-125 by engaging in conduct to "unreasonably oppress or abuse any person in connection with the collection of or attempt to collect any claim alleged to be due and owing . . ."

   c. Chase violated W. Va. Code §46A-2-125(4) by "[c]alling any person . . . at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number."

40. Specifically, Chase's willful decision to bombard Michelle with collection calls to her personal cellular telephone, with full and actual knowledge of Michelle's health and financial hardship and the stress caused thereby, was made with the intent of causing such distress and frustration as to coerce Michelle into making a payment that Chase knew Michelle could not afford.

41. Chase willfully called Michelle multiple times in a single day on multiple occasions, with full and actual knowledge that such calls were inconvenient, oppressive, and abusive to Michelle who was dealing with the stress and anxiety inherent in medical

recovery and financial hardship.

42. As a result of the foregoing violations of the WVCCPA, Michelle is entitled to actual damages and statutory damages of $1,000.00 for each violation, up to the full amount of the underlying debt on which Chase was attempting to collect, as well as her reasonable attorney's fees and costs. W. Va. Code §§46A-5-101(1), 46A-5-104.

43. In addition to the remedies provided above, if the Court finds that Chase's violation of the WVCCPA was willful, Michelle is entitled to a cancellation of the underlying debt on which Chase was attempting to collect, as such debt is unsecured. §46A-5-105.

## COUNT III

### Violation of Invasion of Privacy — Intrusion Upon Seclusion

44. Michelle incorporates by reference the foregoing paragraphs as fully stated herein.

45. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46. Chase violated Michelle's privacy. Chase's violations include, but are not limited to, the following:

    a. Chase intentionally intruded, physically or otherwise, upon Michelle's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite a request(s) for the calls to cease.

b. The number and frequency of the telephone calls to Michelle by Chase after a request for the calls to cease constitute an intrusion on Michelle's privacy and solitude.

c. Chase's conduct would be highly offensive to a reasonable person as Michelle received calls that often interrupted and occupied her telephone line.

d. The frequency and volume of Chase's calls were harassing to Michelle.

e. Chase's acts, as described above, were done intentionally with the purpose of coercing Michelle to pay an alleged debt which Chase had full and actual knowledge Michelle could not afford to pay.

f. Chase's actions demonstrate a willingness to cause additional suffering to an individual whom Chase knew to be recovering from surgery and dealing with the anxiety of a loss of income in order to line its own pockets. Such actions would be highly offensive to a reasonable person.

47. As a result of Chase's violations of Michelle's privacy, Chase is liable to Michelle for actual damages. If the Court finds that Chase's conduct was egregious, Michelle may recover punitive damages.

### **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Michelle hereby demands a trial by jury of all issues triable by jury.

### **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Michelle Smith respectfully requests judgment be

entered against Defendant JPMorgan Chase Bank, N.A. for the following:

    A.    Declaratory judgment that Chase violated the TCPA and WVCCPA;

    B.    Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

    C.    Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

    D.    Actual damages for Chase's violations of the WVCCPA pursuant to W. Va. Code §46A-5-101(1);

    E.    Statutory damages of $1,000.00 for each of Chase's violations of the WVCCPA up to the full amount of the underlying debt, pursuant to W. Va. Code §46A-5-101(1);

    F.    Michelle's reasonable attorney's fees and costs pursuant to W. Va. Code §46A-5-104;

    G.    Cancellation of the underlying debt on which Chase was attempting to collect pursuant to W. Va. Code §46A-5-105.

    H.    Actual and punitive damages for Chase's intrusion upon Michelle's seclusion;

    I.    Awarding Michelle any pre-judgment and post-judgment interest as may be allowed under the law; and

    J.    Any other relief that this Honorable Court deems appropriate.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
|  | COZMYK LAW OFFICES, LLC |
| Date: July 29, 2020 | *s/ Peter Cozmyk*<br>Peter Cozmyk (Bar #78862)<br>6100 Oak Tree Blvd., Suite 200<br>Independence, Ohio 44131<br>pcozmyk@cozmyklaw.com<br>T: (877) 570-4440<br>F: (216) 485-2125<br>*Attorneys for Plaintiff*<br>*Michelle Smith* |